IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:18cr**393** |
| | ) | |
| SUZETTE M. SMITH, | ) | |
| Defendant. | ) | |

**STATEMENT OF FACTS**

The United States and the defendant, Suzette M. Smith, stipulate that the allegations in the Criminal Information and the following facts are true and correct. The United States and Smith further stipulate that had the matter gone to trial, the United States would have proven the allegations in the Criminal Information and the following facts beyond a reasonable doubt.

**I.  Introduction**

1. As set forth in greater detail below, from in or about February 2012 through in or about September 2017, within the Eastern District of Virginia and elsewhere, the defendant, Suzette M. Smith devised a scheme and artifice to defraud Nonprofit #1, and to obtain money and property from Nonprofit #1 by means of materially false and fraudulent pretenses, representations, and promises, and knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, and signals for the purpose of executing the scheme and artifice. More specifically, from in or about September 2011 through in or about September 2017, Smith embezzled more than $107,000 from Nonprofit #1 by stealing cash, checks and donations that were intended for Nonprofit #1 but that Smith instead deposited and transferred into her personal bank accounts, in part via interstate wire communications initiated from within the Eastern District of Virginia. Those included one such cashing of two checks intended for Nonprofit #1 that Smith cashed at a PNC Bank location in Alexandria, Virginia, within the Eastern District of Virginia on or about October 3, 2014, thus causing an interstate wire communication to

1

a location outside the Commonwealth of Virginia for the purpose of executing Smith's embezzlement scheme.

## II. Factual Background

2. Nonprofit #1 is a not-for-profit women's religious organization based primarily in Boston, Massachusetts. Nonprofit #1 publishes a quarterly magazine for its members and holds an annual conference, both of which are funded entirely by donations from their members.

3. From in or about the 1980s [handwritten: 1990s] to in or about 2017, Smith was an active member in Nonprofit #1. Starting in or about September 2011, Smith began to assume the role of treasurer for Nonprofit #1, and she formally joined Nonprofit #1's board in 2012. Smith's responsibilities as treasurer were to manage the finances of Nonprofit #1, which primarily consisted of depositing donations and contributions and distributing reimbursements for costs associated with the quarterly magazine and annual conference.

## III. Criminal Conduct

4. Starting in or about February 2012, Smith began to steal checks, cash, and other funds intended for or present in the bank accounts of Nonprofit #1 for her own personal use. For example, from in or about February 2012 through November 2016, Smith stole approximately $3,625 in checks intended for Nonprofit #1 and deposited them into her own bank accounts. Eventually, Smith's primary way of embezzling funds from Nonprofit #1 became direct wire transfers from Nonprofit #1's bank accounts, which she controlled, to Smith's personal accounts or other business accounts that she controlled. From in or about March 2013 through in or about December 2016, Smith caused approximately 123 such wire transfers totaling approximately $106,860. Moreover, Smith controlled certain Paypal accounts through which Nonprofit #1 would receive donations. On at least four occasions, Smith directly transferred such funds into her personal Paypal account, embezzling approximately $2,305 from Nonprofit #1. And on at least

one occasion on October 4, 2014, Smith cashed two checks totaling $96 intended for Nonprofit #1 for her own personal use; Smith cashed those checks at a PNC Bank location in the Eastern District of Virginia.

5. In addition to checks and wire or Paypal transfers, Smith directly withdrew cash from Nonprofit #1's accounts through counter and ATM withdrawals, and she appropriated those funds for her own personal use. More specifically, Smith withdrew cash on approximately 107 occasions from four separate Nonprofit #1 accounts, stealing approximately $46,342.50 from Nonprofit #1 from in or about April 2012 through in or about September 2017.

6. Smith also directly paid for a variety of personal expenses using Nonprofit #1's bank accounts. In total, from in or about August 2012 through in or about October 2017, Smith spent approximately $32,542.41 of Nonprofit #1 funds on personal expenses. Those included, for example, a payment of $1,028 in April 2014 to the U.S. Treasury to satisfy Smith's tax obligations, a payment of $1,792.92 to CareFirst BlueCross BlueShield in or about June 2015 for medical expenses, a debit card purchase of $2,180 in or about July 2015 for a beach vacation, and a debit card purchase of $1,362.29 in or about August 2015 at a computer retail store in Utah.

7. Over time, and at times in order to conceal the scheme while still meeting the bare minimum budgetary requirements to avoid other Nonprofit #1 directors learning about the scheme, Smith transferred funds back to Nonprofit #1 in a variety of ways. In total, including some payments made after the discovery of the scheme set forth below, Smith transferred or paid back approximately $84,319.70. Offset against the approximately $191,674.91 that Smith embezzled, Smith's total amount stolen from Nonprofit #1 was approximately $107,451.21.

8. In or about September 2016, Smith approached another Nonprofit #1 member about taking over treasurer responsibilities from Smith. That individual requested access to Nonprofit #1's bank accounts before taking over those responsibilities. Thereafter, in or about September

2017, Nonprofit #1's president received an overdraft notice that appeared to pertain to personal expenditures Smith had charged to a Nonprofit #1 account. That individual emailed the notice to Smith. On or about September 16, 2017, Smith responded to the president and the incoming treasurer and admitted in part to the embezzlement scheme. Specifically, Smith wrote, "I have taken money and co-mingled money – and have run out of time in trying to make it right." Smith also stated, "I am the only one responsible for taking money from [Nonprofit #1]." Although Smith admitted her conduct, she minimized the amount of money she had stolen, claiming that it was only around $25,000.

### IV. Conclusion

9. Smith's actions in furtherance of these offenses, including but not limited to the acts described above, were done willfully, knowingly, with the specific intent to violate the law, and not because of accident, mistake, or innocent reason.

10. The foregoing statement of facts is a summary of the principal facts that constitute the legal elements of the offense charged in this case. This summary does not describe all of the evidence that the United States would present at trial or all of the relevant conduct that would be used to determine the defendant's sentence under the Sentencing Guidelines. Smith acknowledges that the foregoing statement of facts does not describe all of Smith's conduct relating to the offense charged in this case.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: *[signature]*
Ryan S. Faulconer
Assistant United States Attorney

<u>Defendant's Stipulation and Signature</u>: After consulting with my attorney and reviewing the above Statement of Facts, I stipulate that the above Statement of Facts is true and accurate. I further stipulate that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Suzette M. Smith, Defendant

<u>Defense Counsel Signature</u>: I am Suzette M. Smith's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
Paul Mickelsen
Attorney for Suzette M. Smith